civil

CLERK'S ...T
for Lynchburg
AUG 1 ... 3
BY: [signature]
DEPUTY CLERK

John F. Corcoran
U. S. DISTRICT COURT
P. O. Box 1234
Roanoke, VA  24006

NOTICE OF ISSUANCE OF MANDATE

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

August 15, 2003

**MANDATE**

TO: Clerk, District Court/Agency

FROM: Lisa Jernigan

    Deputy Clerk

RE: 02-2019 O'Brien v. Appomattox County
    CA-02-43-6

HEREWITH IS THE MANDATE OF THIS COURT, ISSUED THIS DATE,
ON THE JUDGMENT ENTERED BY THE COURT ON 7/24/03.

[ ] Order and Certified Copy of Judgment
[X] Opinion and Certified Copy of Judgment
[X] Order on Costs
[ ] Order dismissing appeal R42(b) or Local Rule 45
[ ] Other: _____
[ ] The record has been retained for use in case number _____


A copy of the judgment is enclosed to counsel/pro se parties.


cc: Cindy Lynn Squires
    James Bruce Slaughter
    Margaret Ann Neil Cosby
    Lloyd Lee Byrd
    Robert A. Dybing
    John Adrian Gibney Jr.

JUDGMENT                    FILED: July 24, 2003

UNITED STATES COURT OF APPEALS

for the

Fourth Circuit

NO. 02-2019
CA-02-43-6

TOMMY O'BRIEN; CHARLES S. BRAND; DANIEL A. CASH; LOUIS
FOSTER; GLOVER GILLIAM; R. G. STEWART; TRIPLE R FARMS; ROGER
WALTON; WINSTON WALTON; ROBERT C. WINSTON; W AND W FARM

    Plaintiffs - Appellees

v.

APPOMATTOX COUNTY, VIRGINIA; BOARD OF SUPERVISORS OF
APPOMATTOX COUNTY, VIRGINIA; DARRELL A. CARROLL, JR., County
Administrator of Appomattox County, Virginia

    Defendants - Appellants

--------------------
Appeal from the United States District Court for the
Western District of Virginia at Lynchburg
--------------------

In accordance with the written opinion of this Court filed this day, the Court affirms the judgment of the District Court.

A True Copy, Teste:
Patricia S. Connor, Clerk
BY
Deputy Clerk

/s/ Patricia S. Connor
_____
CLERK

UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

TOMMY O'BRIEN; CHARLES S. BRAND;
DANIEL A. CASH; LOUIS FOSTER;
GLOVER GILLIAM; R. G. STEWART;
TRIPLE R FARMS; ROGER WALTON;
WINSTON WALTON; ROBERT C.
WINSTON; W AND W FARM,
          *Plaintiffs-Appellees*,

v.

APPOMATTOX COUNTY, VIRGINIA;
BOARD OF SUPERVISORS OF
APPOMATTOX COUNTY, VIRGINIA;
DARRELL A. CARROLL, JR., County
Administrator of Appomattox
County, Virginia,
          *Defendants-Appellants*.

No. 02-2019

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
Norman K. Moon, District Judge.
(CA-02-43-6)

Argued: April 1, 2003

Decided: July 24, 2003

Before MICHAEL and KING, Circuit Judges, and
Terry L. WOOTEN, United States District Judge for the
District of South Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Robert A. Dybing, SHUFORD, RUBIN & GIBNEY, Richmond, Virginia, for Appellants. James Bruce Slaughter, BEVERIDGE & DIAMOND, P.C., Washington, D.C., for Appellees. **ON BRIEF:** L. Lee Byrd, Margaret Ann Neil Cosby, SANDS, ANDERSON, MARKS & MILLER, P.C., Richmond, Virginia, for Appellants. Anthony L. Michaels, Cindy L. Squires, BEVERIDGE & DIAMOND, P.C., Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

On June 28, 2002, eleven farmers and farms from Appomattox County, Virginia (collectively "the Farmers") filed suit against Appomattox County, the County Board of Supervisors, and the County Administrator (collectively "the County") to challenge two County ordinances that relate to the use of biosolids.[1] The District Court for the Western District of Virginia issued a preliminary injunction against the County prohibiting it from enforcing the biosolids ordinances. The County appeals to this Court from the entry of the injunction order, maintaining that it should be vacated. As explained below, the District Court did not abuse its discretion, and we affirm.

I.

The Farmers are all either residents of Appomattox County who

---

[1] Biosolids are primarily organic materials produced during wastewater treatment which may be used to add or replenish nutrients to the soil. They can be used as a substitute for commercial fertilizer on agricultural land, forests, rangelands, or on disturbed land in need of reclamation.

engage in farming activities or business entities that own or lease farmland in Appomattox County. In the summer of 2001, the Farmers began a lengthy permitting process with the Virginia Department of Health ("VDH") to obtain permits to apply biosolids to their farmland. The Farmers provided detailed information to VDH about their fields, soils, and proposed use of biosolids in two separate applications. VDH provided this information to the County and the County requested some changes in the proposed use of biosolids, which were accommodated. Permits for land application of biosolids on the Farmers' land were issued on March 29, 2002.

Beginning September 4, 2001, the County held a number of public hearings regarding the possibility of regulating the land application of biosolids. On February 4, 2002, and March 18, 2002, the County Board of Supervisors adopted two ordinances that restricted and regulated land application of biosolids. Despite the existence of the permits, the Farmers alleged that the County's ordinances effectively prohibited the application of biosolids and they filed this lawsuit.

On July 15, 2002, the Farmers sought a preliminary injunction barring the County from implementing or enforcing ordinances that interfere with land application of biosolids in Appomattox County. At the evidentiary hearing before the District Court on July 30, 2002, the Farmers presented three witnesses and six exhibits in support of the preliminary injunction motion. The County cross-examined the Farmers' witnesses and submitted two exhibits. On August 2, 2002, the District Court issued an opinion granting in part and denying in part the Farmers' motion for a preliminary injunction. *O'Brien v. Appomattox County*, 213 F.Supp.2d 627 (W.D.Va. Aug. 2, 2002). In its memorandum opinion, the District Court enjoined and prohibited the County from enforcing the biosolids ordinances with regard to the named plaintiffs, but allowed a number of general restrictions on the land application of biosolids to remain in effect.

The County filed a timely notice of appeal.

II.

This Court reviews the grant or denial of a preliminary injunction for abuse of discretion, recognizing that preliminary injunctions are

"extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal quotation marks omitted). We accept the District Court's findings of fact absent clear error, but review its legal conclusions *de novo*. *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 511 (4th Cir. 2002). This standard is "not a rule of perfunctory appellate review but one of careful scrutiny." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 815 (4th Cir. 1991).

III.

In this Circuit, the entry of a preliminary injunction is governed by the four-part test set forth in *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg. Co., Inc.*, 550 F.2d 189 (4th Cir. 1977). The four *Blackwelder* factors are: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359 (4th Cir. 1991) (internal quotation marks omitted).

In applying *Blackwelder*, a court must first "balance the likelihood of irreparable harm to the plaintiff against the likelihood of harm to the defendant." *MicroStrategy, Inc.*, 245 F.3d at 339 (quoting *Blackwelder*, 550 F.2d at 195). If this balance of hardships "tips decidedly in favor of the plaintiff," *Rum Creek Coal Sales*, 926 F.2d at 359, then it will typically "be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." *Blackwelder*, 550 F.2d at 195 (internal quotation marks omitted). But if the balance of hardships is substantially equal between the plaintiff and defendant, then "the probability of success begins to assume real significance, and interim relief is more likely to require a clear showing of a likelihood of success." *Direx*, 952 F.2d at 808 (internal quotation marks omitted).

In its memorandum opinion, the District Court found that the Farmers "will suffer immediate, significant, and acute irreparable harms if their motion for an injunction is denied." *Tommy O'Brien,*

*et al. v. Appomattox*County, Virginia, et al.*, Civ. No. 6:02-0043 (W.D.Va. August 2, 2002) (J.A. 510). First, without preliminary relief, the Farmers would suffer economic losses that they may or may not be able to recover through pending litigation. These economic losses include lost profits from reduced crop yields and the expense of replacing biosolids, which are free, with commercial fertilizers. Second, an injury to the environment from the increased use of chemical fertilizers would accompany a ban on biosolids. And third, the Farmers would be forced to delay the potential long-term benefits to the soil that biosolids may provide.

The County argues that granting the preliminary injunction motion will cause them certain, irreparable harms. Specifically, the County argues that citizens of Appomattox County will be exposed to strong and offensive odors associated with the application of biosolids. Further, the County cites possible adverse health effects associated with biosolid use. The District Court weighed these concerns and determined that "instead of suffering any immediate, irreparable harm, [the County] only face[s] the potential for uncertain, future injuries — the fear of possible, adverse health effects." *Tommy O'Brien, et al. v. Appomattox County, Virginia, et al.*, Civ. No. 6:02-0043 (W.D.Va. August 2, 2002) (J.A. 510). Applying the first two factors of the *Blackwelder* analysis, the District Court determined that the County's prospective fears are not as certain, identifiable, or as severe as the damages claimed by the Farmers and that the balance tips strongly in the Farmers' favor. In light of the widespread use of biosolids in Virginia and elsewhere in the United States, the regulations and examinations undertaken by the Virginia General Assembly and the United States Environmental Protection Agency ("U.S. EPA"), and the studies by the scientific community, the fear of possible, adverse health effects is too attenuated at this time to outweigh the likelihood of harm to the Farmers. We therefore conclude that in balancing these potential hardships, the District Court did not err in finding that the balance tipped "strongly" in favor of the Farmers.

Having established that the balance of hardships clearly weighed in favor of the Farmers, the next question is the Farmers' likelihood of success on the merits. Pursuant to the law in this Circuit, if the balance of harm tips strongly in favor of the plaintiff, a preliminary injunction will be granted "if the plaintiff has raised questions going

to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." *Rum Creek Coal Sales*, 926 F.2d at 359. In other words, the plaintiff's case must present a "substantial question." In its memorandum opinion, the District Court reviewed the Virginia Supreme Court's decision in *Blanton v. Amelia County*,[2] the legislation enacted by the Virginia General Assembly limiting the role of counties in regulating biosolids, and the effect of these ordinances on land-application of biosolids. In light of the recent decisions by the Virginia Supreme Court and the Virginia General Assembly, we cannot conclude that the District Court erred in determining that the claims and evidence provided by the Farmers raise such serious, substantial, and difficult issues that they warrant more deliberate investigation.

Finally, the District Court determined that because the VDH and the U.S. EPA currently regulate the land-application of biosolids and will continue to do so during the pendency of this litigation, the public interest favors the granting of the injunction until a determination on the merits can be completed. We conclude that the District Court did not abuse its discretion in reaching this conclusion.

## IV.

Having reviewed the record, the parties' briefs, and the *Blackwelder* factors, and having had the benefit of oral argument, we conclude that the District Court did not abuse its discretion in awarding the Farmers the preliminary injunction against the County. Accordingly, we affirm.

*AFFIRMED*

---

[2]*Blanton v. Amelia County*, 540 S.E.2d 869 (Va. 2001).

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

FILED
August 15, 2003

No. 02-2019
CA-02-43-6

TOMMY O'BRIEN; CHARLES S. BRAND; DANIEL A. CASH; LOUIS
FOSTER; GLOVER GILLIAM; R. G. STEWART; TRIPLE R FARMS; ROGER
WALTON; WINSTON WALTON; ROBERT C. WINSTON; W AND W FARM

Plaintiffs - Appellees

v.

APPOMATTOX COUNTY, VIRGINIA; BOARD OF SUPERVISORS OF
APPOMATTOX COUNTY, VIRGINIA; DARRELL A. CARROLL, JR., County
Administrator of Appomattox County, Virginia

Defendants - Appellants

O R D E R

Appellees have filed a bill of costs.

The Court awards $245.00 in costs. An itemized statement of costs is attached to this order. A certified copy of this order shall issue to the clerk of the district court for inclusion in this Court's mandate.

For the Court - By Direction

/s/ Patricia S. Connor
CLERK

A True Copy, Teste:
Patricia S. Connor, Clerk
BY: [signature]
Deputy Clerk